Michael London, Esq. (SBN 051018)
4470 Resmar Road
La Mesa, CA 91941
(619) 300-2302
londonlegalarts@gmail.com

**Attorneys for Plaintiffs:** Damon London and Keri London

**FILED**

Jul 19 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/jenniferm          DEPUTY

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

DAMON LONDON, an individual; KERI
LONDON, an individual,

          Plaintiffs,

               v.

QIAN YU, an individual; AMERICAN
TRANSIT INSURANCE COMPANY, a
New York Corporation; and DOES 1
through 10, inclusive;

          Defendants.

) **C O M P L A I N T**
)
)
)
) **Case No.:** '18CV1644 JAH RBB
)
)
)
)
)
)
)
)
)
)

          NOW COME Plaintiffs, DAMON LONDON and KERI LONDON, complaining and
alleging upon information and belief as follows:

### JURISDICTION, VENUE, AND THE PARTIES

1.       Subject-matter jurisdiction is proper as to Plaintiff DAMON LONDON, Defendant QIAN
YU, and Defendant AMERICAN TRANSIT INSURANCE COMPANY under 28 U.S.C. §
1332(a) because there is a complete diversity of citizenship herein and the amount in controversy
exceeds the sum of $75,000.00, exclusive of interests and costs.

2.       Plaintiff DAMON LONDON is an individual domiciled in San Diego County, California.

3.       On information and belief, Defendant, QIAN YU, is an individual domiciled in New York.

-1-
**COMPLAINT**

4.      On information and belief, Defendant, AMERICAN TRANSIT INSURANCE COMPANY, is a New York corporation, incorporated in New York and with its principal place of business in Brooklyn, New York.

5.      Subject matter jurisdiction is proper as to Plaintiff KERI LONDON under 28 U.S.C § 1367(a) because her claim shares a common nucleus of operative facts with the claims that Plaintiff DAMON LONDON invokes under 28 U.S.C. § 1332(a).  Further, Plaintiff KERI LONDON'S claim for loss of consortium does not raise novel or complex issues of state law, nor will Plaintiff KERI LONDON'S claim predominate the case.  Plaintiff KERI LONDON, who is domiciled in California, does not destroy complete diversity of citizenship.

6.      Personal jurisdiction is proper with respect to Plaintiff DAMON LONDON because he is domiciled in San Diego County, California, the location over which the United States District Court for the Southern District of California exercises jurisdiction.  Further, in filing this Complaint in the United States District Court for the Southern District of California, Plaintiff DAMON LONDON avails himself to the jurisdiction of this Court.

7.      Personal jurisdiction is proper with respect to Plaintiff KERI LONDON because she is domiciled in San Diego County, California, the location over which the United States District Court for the Southern District of California exercises jurisdiction.  Further, in filing this Complaint in the United States District Court for the Southern District of California, Plaintiff KERI LONDON avails herself to the jurisdiction of this Court.

8.      Personal jurisdiction is proper with respect to Defendant QIAN YU in the United States District Court for the Southern District of California because Defendant QIAN YU purposefully availed himself to California through taking people—including California domiciliaries—to and from New York City airports, which transport passengers to all States of the Union, including California.  While primarily engaged in facilitating interstate commerce by carrying people back forth between New York and New Jersey airports, and while Defendant QIAN YU was in the process of transporting Plaintiff DAMON LONDON to New York's LaGuardia Airport, Defendant QIAN YU was negligent in striking another vehicle in the rear.  As the result of Defendant QIAN YU'S negligence, Plaintiff DAMON LONDON and Plaintiff KERI LONDON were injured.  Defendant QIAN YU further misrepresented to Plaintiff DAMON LONDON that

the entire accident was memorialized in an onboard camera, and that he did not need to stay in New York for the purpose of seeking immediate medical treatment or for filing a police report, leading Plaintiff DAMON LONDON to believe that the matter and any resulting legal process could be handled in California, where he was headed. As a result, Plaintiff DAMON LONDON sought treatment, and was treated, for his injuries arising from Defendant QIAN YU's negligence in San Diego County, California.

9.        Personal jurisdiction is proper with respect to Defendant AMERICAN TRANSIT INSURANCE COMPANY in the Southern District of California because Defendant AMERICAN TRANSIT INSURANCE COMPANY engaged, without justification, in conduct to clearly avoid paying the policy limits of policy B302216 (which was at all times active during the events described in this pleading) even though liability has never been challenged because they know that Plaintiff DAMON LONDON and Plaintiff KERI LONDON will be severely inconvenienced in going to New York to litigate the case. Based on this intentional and outrageous conduct by Defendant AMERICAN TRANSIT INSURANCE COMPANY, which intentionally uses the distance to deny the claim, and in conjunction with the minimum contacts of their insured's negligent conduct that precipitated this Complaint, Defendant AMERICAN TRANSIT INSURANCE COMPANY may also be sued in the federal court for the Southern District of California, where it will be estopped from asserting a challenge to the matter of personal jurisdiction. Defendant AMERICAN TRANSIT INSURANCE COMPANY's outrageous conduct has been substantially documented online to be notoriously mendacite.

10.        Fairness also weighs in the United States District Court for the Southern District of California exercising specific jurisdiction over this case in the United States District Court for the Southern District of California based on the convenience of the evidence and witnesses, approximately eight (8) to ten (10) of which are located in San Diego County, California; the interests of Plaintiff DAMON LONDON and Plaintiff KERI LONDON in having the case heard locally; and the interests of the State of California in having disputes involving its domiciliaries heard, where appropriate, in the federal courts within its borders.

/ / /

/ / /

**COMPLAINT**

11.     Venue is proper because Plaintiff DAMON LONDON sought treatment for his injuries in the County of San Diego, California, over which the United States District Court for the Southern District of California exercises jurisdiction. Thus, Defendant QIAN YU'S negligence caused an effect in San Diego County, California. In addition, Defendant QIAN YU'S conduct and representations caused Plaintiff DAMON LONDON to return home to California immediately, rather than to stay in New York to seek injuries, where he was treated in the County of San Diego, California.

12.     Except as otherwise alleged, Plaintiff DAMON LONDON and Plaintiff KERI LONDON are unaware of the true names or capacities, whether individual, corporate, associate, or otherwise, of the named Defendants designated herein as DOES 1-10, inclusive. Plaintiff DAMON LONDON and Plaintiff KERI LONDON are informed and believe, and based thereon allege, that each of the Defendants, designated herein as DOES 1-10, inclusive, are in some way liable to Plaintiff DAMON LONDON and Plaintiff KERI LONDON, and are responsible in some manner for the transactions, events, and occurrences herein alleged and the damage herein was approximately caused thereby. Plaintiff DAMON LONDON and Plaintiff KERI LONDON will hereafter seek leave of the court to amend this complaint in order to allege said Defendants' true names and capacities when the same are known to the Plaintiff DAMON LONDON and/or Plaintiff KERI LONDON.

13.     Plaintiff DAMON LONDON and Plaintiff KERI LONDON are informed and believe, and based thereon allege, that at all times herein mentioned Defendants were the successors in interest, agents, trustees, partners, servants, joint ventures, contractors, alter egos and employees of the other Defendants; and the acts and omissions herein alleged were done by them acting through such capacity and with the scope of their authority and with the permission and consent of their Co-Defendants, or that each of them are jointly and severally liable to Plaintiff DAMON LONDON and Plaintiff KERI LONDON.

/ / /

/ / /

/ / /

/ / /

COMPLAINT

## GENERAL ALLEGATIONS

14.     Plaintiff DAMON LONDON and Plaintiff KERI LONDON re-allege paragraphs 1-13, above, as if fully set forth herein.

15.     On or about July 20, 2016, plaintiff DAMON LONDON was in New York City, New York to watch his daughter perform at The Juilliard School.  Plaintiff KERI LONDON, Plaintiff DAMON LONDON'S wife, also traveled to New York City, New York to watch the same performance.

16.     On or about July 20, 2016, after his daughter's performance at The Juilliard School was over, Plaintiff DAMON LONDON arranged for a taxi to take them to New York's LaGuardia Airport in New York City, New York.  Plaintiff KERI LONDON did not ride in the taxi with Plaintiff DAMON LONDON.

17.     On or about July 20, 2016, Defendant QIAN YU, who on information and belief operates as a sole proprietor, provided the ride to Plaintiff DAMON LONDON to New York's LaGuardia Airport in New York City, New York.

18.     On information and belief, the sole and/or vast majority of services that Defendant QIAN YU provides is transporting individuals to local airports.

19.     On information and belief, Defendant QIAN YU was covered at by American Transit Insurance Company Automobile Policy No. B302216 at all times relevant to this action.

20.     On or about July 20, 2016, Defendant QIAN YU, negligently operated his vehicle by following other vehicles more closely than was reasonable and prudent, without having due regard for the speed of such vehicles and the traffic upon the condition of the highway, and by driving his vehicle at a speed greater than was reasonable and prudent under the conditions and without having regard to the actual and potential hazards then existing.  Defendant QIAN YU's conduct also fell below the standard of reasonable care.  Because of this negligent operation of his vehicle, Defendant QIAN YU struck another vehicle from behind that was traveling in front of him, which caused injuries to Plaintiff DAMON LONDON and derivative injuries to Plaintiff KERI LONDON.

/ / /

/ / /

COMPLAINT

21.     On or about July 20, 2016, following the accident, Defendant QIAN YU represented to Plaintiff DAMON LONDON that the entire accident was memorialized in an onboard camera, and that they did not need to stay in New York for the purpose of seeking immediate medical treatment or for filing a police report.

22.     On or about July 20, 2016, Plaintiff DAMON LONDON and Plaintiff KERI LONDON returned to California.

23.     On or about September 10, 2016, approximately six weeks after the accident, Plaintiff DAMON LONDON was found to have a herniated disk, which to a reasonable degree of medical certainty resulted from the accident.

24.     Defendant AMERICAN TRANSIT INSURANCE COMPANY extended a settlement offer on or about September 22, 2017.  Defendant AMERICAN TRANSIT INSURANCE COMPANY'S offer was late and not even close to the industry standards.

25.     On or about July 27, 2017, Plaintiff DAMON LONDON, through his counsel, made a demand on Defendant AMERICAN TRANSIT INSURANCE COMPANY to pay it policy limit of $100,000.00, as Plaintiff DAMON LONDON sustained damages from bodily injuries and loss of wages of approximately $100,000.00.  At the time of the filing of this Complaint, Defendant AMERICAN TRANSIT INSURANCE COMPANY still has not paid out anything under its policy no. B302216.

26.     On or about August 15, 2017, Insurance Adjuster Sakinah Rahmaan, an employee and agent of Defendant AMERICAN TRANSIT INSURANCE COMPANY represented that Defendant AMERICAN TRANSIT INSURANCE COMPANY was not prepared to pay the policy limits because "some further discovery has been done."  On information and belief, Sakinah Rahmaan indicated the necessity for an independent medical examination.  No such independent medical examination was ever scheduled even though Plaintiff DAMON LONDON was ready and willing to follow through with and get the independent medical evaluation.  Therefore, Defendant AMERICAN TRANSIT INSURANCE COMPANY, used the independent medical evaluation as a tactic and a ploy to further delay settlement along with their venue leverage tactic.

///

///

27.    On or about September 29, 2017, Defendant AMERICAN TRANSIT INSURANCE COMPANY demanded that Plaintiff DAMON LONDON submit HIPAA documents that proved the amount of his damages from his medical injuries and lost wages after previously rejecting documents that were not HIPAA-compliant.  Nevertheless, around the same time, Defendant AMERICAN TRANSIT INSURANCE COMPANY extended a settlement offer to Plaintiff DAMON LONDON on September 22, 2017, before it had received the HIPAA-compliant documents, which contained all of the same information previously sent by Plaintiff DAMON LONDON, through his counsel, to Defendant AMERICAN TRANSIT INSURANCE COMPANY.

28.    On or about November 15, 2017, Insurance Adjuster Sakinah Rahmaan assured Plaintiff DAMON LONDON, through his counsel, for the second time that relevant records allegedly needed for the resolution of Plaintiff DAMON LONDON'S claim had been requested by Defendant AMERICAN TRANSIT INSURANCE COMPANY on October 3, 2017.  However, on or about November 22, 2017, the medical providers in custody of aforesaid medical records indicated that such records had not been requested by Defendant AMERICAN TRANSIT INSURANCE COMPANY.

29.    On or about February 1, 2017, John Poklemba, on information and belief the in-house counsel employee and agent of Defendant AMERICAN TRANSIT INSURANCE COMPANY, represented that Defendant AMERICAN TRANSIT INSURANCE COMPANY "[was] in full compliance with all applicable regulations regarding [its] obligations to claimants and . . . insureds."  Further, John Poklemba represented that "there is an issue regarding causation of . . . [Plaintiff DAMON LONDON'S] injuries."  This conduct amounted to another tactic and ploy to further delay settlement.

30.    On or about February 5, 2018, Plaintiff DAMON LONDON, through his counsel, once more demanded that Defendant AMERICAN TRANSIT INSURANCE COMPANY pay the policy limits of $100,000.00.  At the time of the filing of this Complaint, Defendant AMERICAN TRANSIT INSURANCE COMPANY has not paid anything under policy no. B302216 because they intended to inconvenience substantially Plaintiff DAMON LONDON and Plaintiff KERI LONDON, forcing them to travel to New York.

COMPLAINT

## COUNT I

### (Negligence)

31.     Plaintiffs DAMON LONDON and KERI LONDON re-allege paragraphs 1 through 30, above, as if fully set forth herein.

32.     Per New York Vehicle and Traffic Code § 1129(a), the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

33.     Defendant QIAN YU breached New York Vehicle and Traffic Code § 1129(a) in that while in the process of transporting Plaintiff DAMON LONDON, he followed the vehicle in front of him more closely than was reasonable and prudent, without having due regard for the speed of such vehicles and the traffic upon the condition of the highway, and which resulted in Defendant QIAN YU striking the vehicle in front of him.

34.     On information and belief, New York Vehicle and Traffic Code § 1129(a) was enacted by the legislature to protect against the kind of negligent driving engaged in by Defendant QIAN YU, described in paragraph 33, above, and hereby re-alleged as if fully set forth herein. In addition, and on information and belief, New York Vehicle and Traffic Code § 1129(a) was enacted by the legislature to protect the class of persons to which Plaintiffs DAMON LONDON and KERI LONDON belong, as they were injured by Defendant QIAN YU'S, a driver's, failure to comply with the provisions of the New York Vehicle Code while operating his vehicle.

35.     As a result of Defendant QIAN YU'S failure to operate his vehicle within the conduct proscribed by New York Vehicle and Traffic Law § 1129(a), described in paragraph 33, above, and re-alleged as if fully set forth herein, Defendant QIAN YU caused serious injuries to the Plaintiff DAMON LONDON, which resulted in significant surgery. These serious injuries to Plaintiff DAMON LONDON also resulted in injuries to Plaintiff KERI LONDON. Therefore, but for Defendant QIAN YU following the vehicle in front of him more closely than was reasonable and prudent and without having due regard for the speed of such vehicles and the traffic upon the condition of the highway, Plaintiffs DAMON LONDON and KERI LONDON would not have sustained injuries. Further, Defendant QIAN YU'S following the vehicle in front of him more closely than was reasonable and prudent and without having due regard for the speed of such

-8-
**COMPLAINT**

vehicles and the traffic upon the condition of the highway was also a substantial factor in the injuries to Plaintiff DAMON LONDON and Plaintiff KERI LONDON.

36.    There were no intervening forces that occurred to supersede Defendant QIAN YU'S negligent conduct, described in paragraphs 33, above, and hereby re-alleged as if fully set forth herein, which resulted in serious injuries to Plaintiffs.

37.    The above said injuries resulted in medical procedures and surgeries to repair a herniated disk in the approximate amount of $80,000.00 and loss of earnings of approximately $20,000.00.

38.    Per New York Vehicle and Traffic Code § 1180(a), no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.

39.    Defendant QIAN YU breached New York Vehicle and Traffic Code § 1180(a) in that while in the process of transporting Plaintiffs DAMON LONDON, he drove his vehicle at a speed greater than was reasonably prudent under the conditions and in having regard to the actual and potential hazards then existing, and which resulted in Defendant QIAN YU striking the vehicle in front of him.

40.    On information and belief, New York Vehicle and Traffic Code § 1180(a) was enacted by the legislature to protect against the kind of negligent driving engaged in by Defendant QIAN YU, described in paragraph 39, above, and hereby re-alleged as if fully set forth herein. In addition, and on information and belief, New York Vehicle and Traffic Code § 1180(a) was enacted by the legislature to protect the class of persons to which Plaintiffs DAMON LONDON and KERI LONDON belong, as they were injured by Defendant QIAN YU'S, a driver, failure to comply with the provisions of the New York Vehicle Code while operating his vehicle.

41.    As a result of Defendant QIAN YU'S failure to operate his vehicle within the conduct proscribed by New York Vehicle and Traffic Law § 1180(a), described in paragraph 39, above, and re-alleged as if fully set forth herein, Defendant QIAN YU caused serious injuries to the Plaintiff DAMON LONDON, which resulted in significant surgery. These serious injuries to Plaintiff DAMON LONDON also resulted in injuries to Plaintiff KERI LONDON. Therefore, but for Defendant QIAN YU driving his vehicle at a speed greater than was reasonably prudent under the conditions and in having regard to the actual and potential hazards then existing, Plaintiff

**COMPLAINT**

DAMON LONDON and Plaintiff KERI LONDON would not have sustained serious injuries.
Further, Defendant QIAN YU'S driving his vehicle at a speed greater than was reasonably prudent
under the conditions and in having regard to the actual and potential hazards then existing was also
a substantial factor in the injuries to Plaintiff DAMON LONDON and Plaintiff KERI LONDON.

42.    There were no intervening forces that occurred to supersede Defendant QIAN YU'S
negligent conduct, described in paragraph 29, above, and hereby re-alleged as if fully set forth
herein, which resulted in serious injuries to Plaintiffs.

43.    The above said injuries resulted in medical procedures and surgeries in the approximate
amount of $80,000.00 and loss of earnings of approximately $20,000.00.

44.    Defendant QIAN YU had a duty to act as a reasonably prudent taxi driver under the
circumstances.

45.    Defendant QIAN YU'S conduct fell below the standard of care because Defendant QIAN
YU did not properly control his vehicle and he failed to pay proper attention to the road and the
related traffic, and, as a result, struck another vehicle in front of him.

46.    As a result of Defendant QIAN YU'S failure to control his vehicle and to pay proper
attention to the road and related traffic, Defendant QIAN YU caused serious injuries to the
Plaintiff DAMON LONDON, which resulted in significant surgery. These serious injuries to
Plaintiff DAMON LONDON also resulted in injuries to Plaintiff KERI LONDON. Therefore, but
for Defendant QIAN YU'S failure to control his vehicle and to pay proper attention to the road
and related traffic, Plaintiff DAMON LONDON and Plaintiff KERI LONDON would not have
sustained serious injuries. Further, Defendant QIAN YU'S failure to control the vehicle and
failure to pay proper attention to the road and related traffic was also a substantial factor in the
injuries to Plaintiffs DAMON LONDON and KERI LONDON.

47.    There were no intervening forces that occurred to supersede Defendant QIAN YU'S
negligent conduct, which resulted in serious injuries to Plaintiff DAMON LONDON and/or
Plaintiff KERI LONDON.

48.    The above said injuries resulted in medical procedures and surgeries in the approximate
amount of $80,000.00 and loss of earnings of approximately $20,000.00.

/ / /

-10-
**COMPLAINT**

## COUNT II

### (Lost Capacity in Living Resulting from Tort)

49.     Plaintiffs DAMON LONDON and KERI LONDON re-allege paragraphs 1-48 as if fully set forth herein.

50.     As a direct and proximate cause of Defendant QIAN YU'S negligence, described in greater detail in paragraphs 33, 39, and 45, above, and re-alleged as if fully set herein, Plaintiff KERI LONDON derivatively sustained tort injuries sufficient to satisfy the meaning pursuant to common law and other related case law.

51.     The above said injuries are sufficient to comply with New York common law, which will be proven at the trial.

## COUNT III

### (Insurance Bad Faith)

52.     Plaintiffs DAMON LONDON and KERI LONDON re-alleges paragraphs 1 through 51, above, as if fully set forth herein.

53.     Under the standard set forth in *Pavia v. State Farm Mut. Auto. Ins. Co.*, 626 N.E.2d 24, 27 (1993), the insurance carrier's, Defendant AMERICAN TRANSIT INSURANCE COMPANY'S, conduct constituted a gross disregard of the policyholder's interests such that the insurer engaged in a pattern of behavior evincing a conscious or knowing indifference to the probability that the insured would be held personally accountable for a large judgment if a settlement offer within the policy limits were not accepted, as more specifically alleged in paragraphs 24 to 30, above. These allegations indicate, among other factors, an improper investigation and/or evaluation of Plaintiff DAMON LONDON'S claim; an untimely negotiation of a settlement; a failure to properly negotiate; failure to provide Cumis counsel; and a failure to foresee a verdict in excess of policy limits, rendering insured and Defendant QIAN YU personally liable for all amounts above the low settlement offer.

54.     Further, Unfair Claim Settlement Practice is codified in New York Insurance Law § 2601, which, on information and belief, is an administrative statute, the requirements of which Defendant AMERICAN TRANSIT INSURANCE COMPANY is required to adhere. Relevant to showing Defendant AMERICAN TRANSIT INSURANCE COMPANY'S bad faith, Defendant

**COMPLAINT**

1  AMERICAN TRANSIT INSURANCE COMPANY violated four of the seven bases for discipline

2  under this statute, as more specifically alleged hereafter.

3  55.    In violation of New York common law, and substantiated by 28 N.Y. Ins. Law §

4  2601(a)(1), Defendant AMERICAN TRANSIT INSURANCE COMPANY knowingly

5  misrepresented to Plaintiff DAMON LONDON and his legal counsel pertinent facts or policy

6  provisions relating to the coverage at issue without just cause and with such frequency as to

7  indicate a general business practice, as more specifically alleged as follows. First, the liability

8  limits of the American Transit Insurance Policy No. B302216 ($100,000.00) is almost equal to the

9  total special damages incurred by Plaintiff DAMON LONDON. In addition, Defendant

10  AMERICAN TRANSIT INSURANCE COMPANY has never questioned or raised as an issue the

11  liability. Where these conditions exist, it is the industry standard for the carrier to promptly settle

12  the case by paying the policy limits. Nonetheless, Sakinah Rahmaan, an agent and employee of

13  Defendant AMERICAN TRANSIT INSURANCE COMPANY represented on or about August

14  15, 2017 that the policy limits would not be paid out to Plaintiff DAMON LONDON by

15  Defendant AMERICAN TRANSIT INSURANCE COMPANY because "further discovery has

16  been done." Then, by September 22, 2017, Defendant AMERICAN TRANSIT INSURANCE

17  COMPANY only offered to pay $25,000.00. These acts by Defendant AMERICAN TRANSIT

18  INSURANCE COMPANY have also prevented Plaintiff DAMON LONDON from pursuing the

19  difference of his damages from the Uninsured Motorists' policy under which he is also covered.

20  56.    In violation of 28 N.Y. Ins. Law § 2601(a)(1), Defendant AMERICAN TRANSIT

21  INSURANCE COMPANY also knowingly misrepresented to Plaintiff DAMON LONDON and

22  his legal counsel pertinent facts or policy provisions relating to the coverage at issue without just

23  cause and with such frequency as to indicate a general business when it demanded HIPAA

24  documents that it represented were required to facilitate settlement when in fact they were not.

25  This misrepresentation is more fully alleged in paragraph 27, above, and is hereby re-alleged as if

26  fully set forth herein.

27  / / /

28  / / /

/ / /

-12-

57.     In violation of New York common law, and substantiated by 28 N.Y. Ins. Law § 2601(a)(1), Defendant AMERICAN TRANSIT INSURANCE COMPANY also knowingly misrepresented to Plaintiff DAMON LONDON and his legal counsel pertinent facts or policy provisions relating to the coverage at issue without just cause and with such frequency as to indicate a general business practice when it represented on information and belief that it would provide an independent medical evaluation of the injuries sustained by Plaintiff DAMON LONDON. In reliance on Defendant AMERICAN TRANSIT INSURANCE COMPANY'S representation, Plaintiff DAMON LONDON forwent getting his own independent medical evaluation. However, Defendant AMERICAN TRANSIT INSURANCE COMPANY never provided and never intended to provide the independent medical evaluation. In fact, after Defendant AMERICAN TRANSIT INSURANCE COMPANY did not provided the agreed-upon independent medical evaluation, it tried to use the fact that Plaintiff DAMON LONDON never obtained another independent medical evaluation as justification not the pay. even though Plaintiff DAMON LONDON was ready, willing, and able to avail himself to said independent medical evaluation.

58.     In violation of New York common law, and substantiated by 28 N.Y. Ins. Law § 2601(a)(1), Defendant AMERICAN TRANSIT INSURANCE COMPANY also knowingly misrepresented to Plaintiff DAMON LONDON and his legal counsel pertinent facts or policy provisions relating to the coverage at issue without just cause and with such frequency as to indicate a general business practice when Sakinah Rahmaan, an agent of Defendant AMERICAN TRANSIT INSURANCE COMPANY, represented on multiple occasions to Plaintiff DAMON LONDON, through his counsel, that it had requested the medical records from the relevant medical provider required to make a settlement offer. when, per the medical provider, no such requests were made.

59.     In violation of New York common law, and substantiated by 28 N.Y. Ins. Law § 2601(a)(2), Defendant AMERICAN TRANSIT INSURANCE COMPANY failed to acknowledge with reasonable promptness pertinent communications as to claims arising under its policies without just cause and with such frequency as to indicate a general business practice, as more specifically alleged as follows. Unreasonable periods of time elapsed in responses by the assigned

-13-
**COMPLAINT**

Case 3:18-cv-01644-JAH-RBB   Document 1   Filed 07/19/18   PageID.14   Page 14 of 20

adjuster, Sakinah Rahmaan, an agent of Defendant AMERICAN TRANSIT INSURANCE COMPANY to Plaintiff DAMON LONDON'S counsel, which caused Plaintiffs' counsel to have to go to the adjuster's supervisor, Luis Ramos, to get responses to reasonable inquiries related to this settlement process.

60.    In violation of New York common law, and substantiated by 28 N.Y. Ins. Law § 2601(a)(3), Defendant AMERICAN TRANSIT INSURANCE COMPANY, through its agent of Adjuster Sakinah Rahmaan, intentionally failed to implement reasonable standards for the prompt investigation of claims arising under its policies without just cause and with such frequency as to indicate a general business practice, as more specifically alleged as follows. Adjuster Sakinah Rahmaan would not acknowledge in writing or verbally that where liability is not at issue and where there exists a serious surgery involving disk herniation caused by the insured, resulting in approximately $80,000.00 in surgical costs combined with over $20,000.00 of verified lost wages of a board-certified emergency room physician, and the insurance policy is worth $100,000.00, per industry standards, the claim should be paid out since the total combined damages were equal to or less than the liability limits under the policy.

61.    In violation of New York common law, and substantiated by 28 N.Y. Ins. Law § 2601(a)(3), Defendant AMERICAN TRANSIT INSURANCE COMPANY also failed to implement reasonable standards for the prompt investigation of claims arising under its policies without just cause and with such frequency as to indicate a general business practice, as more specifically alleged as follows. Defendant AMERICAN TRANSIT INSURANCE COMPANY never provided any reasonable, good-faith justification for coming up with the arbitrary and capricious settlement offer of $25,000.00 when documents sent by Plaintiff DAMON LONDON and/or through his counsel clearly and objectively showed damages of approximately $100,000.00.

62.    In violation of New York common law, and substantiated by 28 N.Y. Ins. Law § 2601(a)(3), Defendant AMERICAN TRANSIT INSURANCE COMPANY also intentionally failed to implement reasonable standards for the prompt investigation of claims arising under its policies without just cause and with such frequency as to indicate a general business practice, as more specifically alleged as follows. As more specifically alleged in paragraph 28, Defendant

-14-

COMPLAINT

AMERICAN TRANSIT INSURANCE COMPANY never requested copies of the objective documents from the pertinent medical providers that would have facilitated a more just and reasonable settlement even though, through employees and agents Sakinah Rahmaan and Luis Ramos, Defendant AMERICAN TRANSIT INSURANCE COMPANY represented it did. This intentional failure to implement reasonable standards for the prompt investigation of Plaintiff DAMON LONDON'S claim arising under its policies disallowed Plaintiff DAMON LONDON to then pursue remaining damages under his uninsured motorist's insurance policy.

63.     In violation of New York common law, and substantiated by 28 N.Y. Ins. Law § 2601(a)(4), Defendant AMERICAN TRANSIT INSURANCE COMPANY did not attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim submitted by Plaintiff DAMON LONDON, in which liability was clear. as more specifically alleged as follows. The negligent driving conduct of Defendant QIAN YU which caused actual damage to Plaintiff DAMON LONDON and PLAINTIFF KERI LONDON, as alleged in paragraphs 31 through 48, above, and hereby re-alleged as if fully set herein. Also, Defendant AMERICAN TRANSIT INSURANCE COMPANY has also never challenged liability. Yet, AMERICAN TRANSIT INSURANCE COMPANY has still not paid anything to Plaintiff DAMON LONDON under American Transit Insurance Company Policy No. B302216. This course of conduct was taken without just cause and with such frequency as to indicate a general business practice and an intent to produce an untimely, unfair, and/or inequitable settlement offer.

64.     In violation of New York common law, and substantiated by 28 N.Y. Ins. Law § 2601(a)(4), Defendant AMERICAN TRANSIT INSURANCE COMPANY also did not attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim submitted by Plaintiff DAMON LONDON, in which liability was reasonably clear, as more specifically alleged as follows. Defendant QIAN YU, an insured of Defendant AMERICAN TRANSIT INSURANCE COMPANY made false representations to Plaintiff DAMON LONDON, more fully alleged in paragraph 21, above, and hereby re-alleged as if fully set forth herein, upon which they Plaintiff DAMON LONDON relied to forego seeking medical treatment in New York. Yet, on information and belief, Defendant AMERICAN TRANSIT INSURANCE COMPANY alleges that part of the reason that it did not offer more than $25,000.00 is because Plaintiff did not seek immediate

**COMPLAINT**

treatment in New York, despite the fact that Plaintiff DAMON LONDON'S injuries did not become more apparent until more time had elapsed. This course of conduct was taken without just cause and with such frequency as to indicate a general business practice and an intent to produce an untimely, unfair, and/or inequitable settlement offer.

65.     In violation of New York common law, and substantiated by 28 N.Y. Ins. Law § 2601(a)(4), Defendant AMERICAN TRANSIT INSURANCE COMPANY also did not attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim submitted by Plaintiff DAMON LONDON, in which liability was reasonably clear, as more specifically alleged as follows. Defendant AMERICAN TRANSIT INSURANCE COMPANY never provided any basis upon which their only offer of approximately $25,000.00—which is the quarter of the policy of limits—is based on. Therefore, the settlement offer was not a good faith attempt to effectuate a prompt, fair, and equitable settlement, but, rather, an arbitrary, capricious, and inequitable offer to quickly dispose of a valid case worth well more than the offer by Defendant AMERICAN TRANSIT INSURANCE COMPANY. This conduct further disallowed Plaintiff DAMON LONDON to then pursue remaining damages under his uninsured motorist's insurance policy. This course of conduct was taken without just cause and with such frequency as to indicate a general business practice and an intent to produce an untimely, unfair, and/or inequitable settlement offer.

66.     In violation of New York common law, and substantiated by 28 N.Y. Ins. Law § 2601(a)(4), Defendant AMERICAN TRANSIT INSURANCE COMPANY also did not attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim submitted by Plaintiff DAMON LONDON, in which liability was reasonably clear, as more specifically alleged as follows. Defendant AMERICAN TRANSIT INSURANCE COMPANY demanded HIPAA documents that it alleged were required to make a settlement offer, yet which were not required to make a settlement offer since Defendant AMERICAN TRANSIT INSURANCE COMPANY made a settlement offer without having received the required HIPAA documents, as more specifically alleged in paragraph 27, and re-alleged here as if fully set forth herein. This course of conduct was taken without just cause and with such frequency as to indicate a general business practice and an intent to produce an untimely, unfair, and/or inequitable settlement offer.

67.    As a result of the foregoing conduct described in greater detail within this count and re-alleged as if fully set forth herein, above, Plaintiff DAMON LONDON suffered damages in excess of $450,000.00.

COUNT IV

(Deceptive Acts and Practices Unlawful)

68.    Plaintiffs DAMON LONDON and KERI LONDON re-allege paragraphs 1 through 67, above, as if fully set forth herein.

69.    Deceptive acts and practices unlawful is codified in N.Y. Gen. Bus. Code § 349(a).  The statute provides that the deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state [New York] are hereby declared unlawful.

70.    Defendant AMERICAN TRANSIT INSURANCE COMPANY engaged in deceptive acts and practices in the conduct of business, trade, or commerce or in the furnishing of services in the State of New York, as more specifically alleged as follows: paragraphs 24 through 30 and paragraphs 52 through 66, which are hereby re-alleged as if fully set forth herein, and which, on information and belief, affect consumers at large, not just the parties in this case.  Indeed, outrageous conduct has been substantially documented online to be notoriously mendacite.

71.    Further, Defendant AMERICAN TRANSIT INSURANCE COMPANY'S were misleading in a material respect, as more specifically alleged as follows: paragraphs 24 through 30 and paragraphs 52 through 66, which are hereby re-alleged as if fully set forth herein.

72.    As a result of Defendant AMERICAN TRANSIT INSURANCE COMPANY'S violation of N.Y. Gen. Bus. Code § 349(a), Plaintiff DAMON LONDON sustained injuries in excess of $450,000.00.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-17-
COMPLAINT

## PRAYER

WHEREFORE, Plaintiffs DAMON LONDON and KERI LONDON pray for judgment against defendants as follows:

1.     For compensatory damages in the amount of $450,000.00;

2.     For punitive damages in the amount of $25,000,000.00;

3.     For costs of suit; and

4.     For such other and further relief as the Court deems proper.

## REQUEST FOR JURY TRIAL

Plaintiffs DAMON LONDON and KERI LONDON request a jury trial as available under applicable law.

DATED: July 19, 2018                    **LONDON LAW GROUP**

By: _____
                        MICHAEL LONDON, ESQ.
                        Attorney for Plaintiffs
                        DAMON LONDON and KERI LONDON

-18-

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS102541
Cashier ID: cdelgado
Transaction Date: 07/19/2018
Payer Name: DAMON LONDON
----------------------------------
CIVIL FILING FEE
 For: DAMON LONDON
 Case/Party: D-CAS-3-18-CV-001644-001
 Amount:        $400.00
----------------------------------
CHECK
 Check/Money Order Num: 1171
 Amt Tendered:  $400.00
----------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.
```

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

**FILED**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Damon London
Keri London

**DEFENDANTS**
Qian Yu
American Transit Insurance Company

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/jenniferqn    DEPUTY

(b) County of Residence of First Listed Plaintiff   San Diego (CA)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Queens County (N
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
London Law Group
4470 Resmar Road
La Mesa CA 91941

Atty' of Record:
Michael London (51018)

**'18CV1644 JAH RBB**

Attorneys *(If Known)*
Unknown at This Time

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:  28 U.S.C. § 1332
28 U.S.C. § 1367
Brief description of cause:
Car Accident & Insurance Bad Faith (Including Using Distance of Venue as Reason

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** $25,450,000
CHECK YES only if demanded in complaint: Not to C
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE   July 18, 2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____